UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| SYLVESTER LARNELL EVANS, JR. | | CIVIL ACTION |
| --- | --- | --- |
| VERSUS | | NUMBER:   18-14178 |
| STATE OF LOUISIANA | | SECTION:   "I" (3) |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Sylvester Larnell Evans, Jr. filed the above-captioned matter in this Court in which he sues the State of Louisiana for, *inter alia*, allegedly having "repeatedly perverted the law by bringing completely false and fabricated charges against [him]. Whom [he] caught red handed violating numerous laws and altering court documents." [Doc. #1 at p. 1]. Evans's employer is "The Almighty God," [Doc. #2 at p. 1], and he alleges that "God . . . has planted [him] in this land as a domestic spy." [Doc. #1 at p.1].

On December 27, 2018, this Court ordered Evans to show cause by Monday, January 28, 2019 as to why this case should not be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-iii) on the ground that the Eleventh Amendment bars his claims against the state and/or for failing to state a claim on which relief may be granted. Evans has now done so, albeit late.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous.  Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \*   \*   \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).  In plain language, Section 1915 requires

dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a).   However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.   On its face, plaintiff's complaint fails to meet the requirements of the statute.   There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

Under the Eleventh Amendment, private individuals may not sue a non-consenting state in federal court. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). This immunity applies irrespective of the relief sought and irrespective of whether jurisdiction is asserted under this Court's original or pendent jurisdiction. *Oneida County, N.Y. v. Oneida Indian*, 470 U.S. 226 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Bush v. Viterna*, 795 F.2d 1203, 1207-08 (5th Cir. 1986). This immunity from suit is subject to two exceptions: The state may waive it and Congress may abrogate it. Unless a state has waived its immunity or Congress has abrogated it, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief.  *Cozzo v.*

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996)  (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

*Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002); *Tyson v. Reed*, Civ. A. No. 09-7169, 2010 WL 360362, at *3 Ed. La. Jan. 21, 2010).  The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La. Rev. Stat. Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

*Cozzo*, 279 F.3d at 281 (quotation marks and citations omitted).

The Court finds that the Eleventh Amendment bars Evans's lawsuit against the state. Louisiana has not waived its immunity, and Congress has not abrogated it. In his reply to the rule to show cause, Evans asks only that the Court find his "grievances worthy of a hearing" and that he has evidence to support his claims in St. James, Louisiana.  That does not remedy the deficiency here.

Moreover, "[a] district court may dismiss as frivolous the complaint of a [party] proceeding [*in forma pauperis*] if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation [sic] of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328

(1989)).

Evans's complaint consists of disjointed, unintelligible allegations that do not state a coherent cause of action against defendant. Even under the liberal construction that is typically accorded to *pro se* pleadings, the complaint fails to advance any credible theory of recovery and lacks an arguable basis in fact.

In addition, it appears – although this is far from clear – that Evans attempts to remove a state criminal case against him to this Court. Whether the criminal proceeding occurred in the past or whether it is a pending criminal proceeding is also unclear. However, all of the exhibits attached to Evans's complaint are state criminal bond papers, and Evans checked the box for "Notice of Removal" on the civil cover sheet in this Court, even titling his complaint as a "Notice of Removal."

The Federal Removal Statutes, as codified at 28 U.S.C. §§ 1441–1455, specify limited grounds for removal of state criminal prosecutions. First, 28 U.S.C. § 1442 provides that a criminal action may be removed (1) when it is against the United States, a federal officer, an officer of the courts of the United States, or an officer of either House of Congress, if certain requirements are met;(2) when it is against a property holder whose title is derived from any officer of the United States or its agencies, and the prosecution affects the validity of any law of the United States; and (3) when it involves a member of the armed forces, if certain requirements are met. Because Evans's case does not involve federal officers, federally-derived property, or members of the armed forces, removal under Section 1442 is not appropriate.

Second, pursuant to 28 U.S.C. § 1443, the following types of criminal actions may be removed:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Supreme Court, construing 28 U.S.C. § 1443, has held that Section 1443(2) "is available only to federal officers and to persons assisting such officers in the performance of their duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966); *see also Charter Sch. of Pine Grove, Inc. v. St. Helena Parish Sch. Bd.*, 417 F.3d 444, 447 (5th Cir. 2005) ("The Supreme Court has held that § 1443 'confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'"). Because Evans is neither a federal officer nor a person assisting such an officer, he cannot remove on this ground.

No such limitation is established by Section 1443(1); rather, the Supreme Court, in *Johnson v. Mississippi*, held that:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a
> removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).
>
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights 'in the courts of (the) State'. This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case. Except in the unusual case where an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the

5

specified federal rights in the state court, it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal.

421 U.S. 213, 219-20 (1975) (citations and internal quotation marks omitted).

Even construing Evans's notice of removal liberally, the Court cannot conclude that he has established grounds for removal under Section1443(1). The allegations make no mention of a right arising under a federal law providing for specific civil rights stated in terms of racial equality. Evans has not identified any provision of Louisiana statutory or constitutional law that would preclude the protection of his equal rights guaranteed by the Constitution and laws of the United States, and he does not demonstrate that the Louisiana courts will not afford him the full protections of the law.

Accordingly,

**IT IS RECOMMENDED** that the complaint of Sylvester L. Evans, Jr. be DISMISSED WITH PREJUDICE for failure to state a claim, for seeking monetary relief from a defendant who is immune from such relief, and for improper removal.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 7th day of February, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**